# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ANTHONY MONGELUZZO, | Civil Action No. 12 - 544 |
| Petitioner, | |
| v. | District Judge David S. Cercone |
| | Magistrate Judge Lisa Pupo Lenihan |
| JACK HENICKS, *District Attorney* | |
| *Fayette County, Pennsylvania*, | |
| Respondent. | |

## MEMORANDUM ORDER

John Anthony Mongeluzzo ("Petitioner") has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition indicates that he is challenging his judgments of sentence at CP-26-CR-356, 357, 358, 359, 360, 361 of 2003 out of the Court of Common Pleas of Fayette County. The relevant history of these cases, as set forth by the Court of Common Pleas in its Opinion dated June 9, 2010, is as follows:

> On April 1, 2004, following a bench trial, [Petitioner] was convicted of five misdemeanor counts of criminal mischief and the summary offenses of criminal mischief, harassment and disorderly conduct. The Court sentenced [Petitioner] to an aggregate term of state imprisonment of not less than three (3) months nor more than thirty-six (36) months. Additionally, [Petitioner] was sentenced to a consecutive term of probation for three and one-half (3 ½) years.
>
> [Petitioner] was convicted of criminal mischief (M-2) at 356 for using a crossbow or slingshot to break windows and damage vinyl siding on September 15, 2002 and sentenced to pay a $500.00 deductible to Sue Harshman, who is the sister of [Petitioner]'s estranged wife, restitution of $835.76 to State Farm Insurance and imprisonment of one (1) to twelve (12) months, consecutive; of

criminal mischief (M-2) at 357 for using his crossbow or slingshot to break windows on September 21, 2002 and sentenced to pay restitution of $592.23 to Cathy Harshman-Mongeluzzo (his estranged wife), restitution of $1,037.64 to State Farm Insurance, and imprisonment of one (1) to twelve (12) months, consecutive; of criminal mischief (M-3) at 358 for using his crossbow or slingshot to break windows and damage vinyl siding on September 6-8, 2002 and sentenced to pay restitution of $500.00 to Sue Harshman, restitution of $311.10 to State Farm Insurance, and imprisonment of one (1) to twelve (12) months, consecutive; of criminal mischief (M-2) at 359 for using a crossbow or slingshot to break a large bay window on October 16, 2002. He was sentenced to pay $500.00 in restitution to Sue Harshman, restitution of $2,349.96 to State Farm Insurance and probation for two (2) years, consecutive; of criminal mischief (M-2) at 361 for using a crossbow or slingshot to again break the large bay window on January 7, 2003 and sentenced to probation for one (1) year, consecutive; of criminal mischief (S) at 477 (NT-12-03) for using a crossbow or slingshot to break a window on November 3, 2002 and sentenced to probation of ninety (90) days, consecutive; of harassment (S) at 477 (NT-13-03) for that same incident and sentenced to probation of ninety days, consecutive; of disorderly conduct (S) at 477 (NT-751-02) for creating a physically offensive condition on October 2, 2002 and sentenced to probation of ninety days, consecutive; of harassment (S) at 477 (NT-10-03) on November 10, 2002 and sentenced to pay a fine; of criminal mischief (S) at 477 (NT-11-03) for using his crossbow or slingshot to break the rear window of a 1997 Ford Explorer belonging to Jeff Kachmarek (boyfriend of his estranged wife's sister) on November 10, 2002 and sentenced to pay a fine; and of harassment (S) at 968 for gesturing with his hand as if pointing a gun and firing it at his estranged wife on April 13, 2003 and sentenced to pay a fine. Fines and costs were also imposed at the above numbers; the other remaining charges incurred no further penalty. Further, while 360 is listed in the caption of the [Petitioner]'s Amended PCRA petition, the Court found him not guilty of three stalking charges presented at that number since the Commonwealth failed to produce a necessary witness at trial. This court ordered [Petitioner] to serve his sentence in the state correctional system.

Attorney Charles Gentile represented [Petitioner] at trial. For his appeal, [Petitioner] obtained new counsel, Attorney Kirk Sohonage (hereinafter Attorney Sohonage) who timely filed post-sentence motions for judgment of acquittal, new trial and modification of sentence. The trial court denied those motions on July 16, 2004. [Petitioner] filed for reconsideration and this court also denied that motion. On August 16, 2004, Attorney Sohonage timely filed a notice of appeal to the Superior Court. The Superior Court vacated the restitution orders at 357, 358 and 359 of 2003 and remanded for further proceedings. The Superior Court affirmed the remaining judgments.

On August 20, 2006, [Petitioner] filed a PCRA petition alleging ineffective assistance of both his trial and appellate counsel, Attorney Gentile and

> Attorney Sohonage, respectively. On November 30, 2007, [Petitioner] filed an Amended PCRA petition. After numerous continuances, the hearings were held on August 25, 2008 and on April 17, 2009. Additional hearings were anticipated, but this court was recently advised that no such hearings were needed.

(ECF No. 9-6 at pp.1-4, Opinion of the Court of Common Pleas dated June 9, 2010).

Petitioner reported for sentencing on September 8, 2006, and he finished serving the incarceration portion of his sentence on September 8, 2009. Just prior to completing his three year term of probation, however, he was convicted of a misdemeanor theft offense in Westmoreland County and was sentenced to one year of probation. As a result, Petitioner had a probation revocation hearing on March 28, 2012, for Fayette County cases 359, 361 and 477. The judge resentenced him to a new one-year term of probation, to run concurrent with the term of probation he was serving in Westmoreland County. *See* (ECF No. 9-24, Probation Revocation and Resentencing Proceedings dated March 28, 2012).

Petitioner filed the instant petition for writ of habeas corpus on April 25, 2012, while he was still serving probation for Fayette County cases 359, 361 and 477. However, at the time the petition was filed he had already completed serving his sentences for cases 356, 357, and 358, as he was not sentenced to probation for these convictions.

### A. Jurisdiction

A federal district court has jurisdiction to entertain an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 only if the petitioner is "in custody" pursuant to the state court judgment of sentence he is attacking at the time the application is filed. 28 U.S.C. § 2254; Maleng v. Cook, 490 U.S. 488, 490 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). *See also* United States ex rel Wojtycha v. Hopkins, 517 F.2d 420, 423 n.6 (3d Cir. 1975) ("'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district

court"). However, a prisoner need not be physically confined in order to challenge his sentence on habeas corpus. Maleng, 490 U.S. at 491. For example, the Supreme Court has held that a prisoner placed on parole is still "in custody" under his unexpired sentence because his release from physical confinement was not unconditional. Jones v. Cunningham, 371 U.S. 236, 242 (1963). Relevant herein, the Third Circuit has recognized that a petitioner serving an unexpired term of probation is sufficient to establish the "in custody" jurisdictional requirement. *See* Lee v. Stickman (357 F.3d 338, 342 (3d Cir. 2004) (A petitioner on probation or parole for the conviction he seeks to attack satisfied the "in custody" requirement for purposes of the habeas statute) (citing Maleng, 490 U.S. at 490-91). *See also* United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993).

In this case, Petitioner has met the jurisdictional requirement only with respect to Fayette County cases 359, 361 and 477; because, at the time he filed his habeas petition, he was still serving an unexpired sentence of probation on those cases. He was not, however, "in custody" under the convictions for his remaining Fayette County cases because his sentences for those convictions had fully expired before he filed his petition.[1] Therefore, the Court lacks jurisdiction over the petition to the extent Petitioner challenges any of those convictions.

**B. Mootness**

If a petitioner files a habeas petition while still in custody for the underlying conviction and completes serving the sentence prior to the court's consideration of the petition, generally, the petition is considered moot because there is no active case or controversy. DeFoy v.

---

[1] Furthermore, the Third Circuit has held that payment of restitution or a fine, absent more, is not the sort of "significant restraint on liberty" contemplated in the "custody" requirement of the federal habeas statutes. *See* Obado v. New Jersey, 328 F.3d 716 (3d Cir. 2003). Petitioner was sentenced to pay a fine for the harassment (NT-10-03) and criminal mischief (NT-11-03) charges at case 477. He was not sentenced to any term of incarceration or probation, and therefore cannot establish jurisdiction with respect to his conviction of these charges.

McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)). Thus, "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); *see* Wilson v. Reilly, 163 F. App'x 122, 125 (3d Cir. 2006); Short v. U.S. Parole Comm'n., No. 05-6042, 2006 WL 2520351, at *1 (E.D. Pa. Aug. 29, 2006) (Pratter, J.). However, if the petitioner can demonstrate that some "concrete and continuing injury" continues to flow from the fact of the conviction, then the suit can be maintained. Spencer v. Kemna, 523 U.S. 1, 7 (1998). *See also* Lane, 455 U.S. at 632 (noting with approval its earlier decisions holding that a criminal case is moot "'only if it is shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction.'") (quoting Sibron v. New York, 392 U.S. 40, 57 (1968)).

When a habeas petitioner that has not completed his sentence challenges the validity of his underlying conviction, federal courts presume that the incarceration constitutes a "concrete injury." Spencer, 523 U.S. at 8. However, when the habeas petitioner has completed his sentence during the pendency of his habeas petition, there is no longer a presumption of collateral consequences, and there must be "some concrete and continuing injury other than his now-ended incarceration or parole – some 'collateral consequence' of the conviction - . . . if the suit is to be maintained." Spencer, 523 U.S. at 7[2] (citing Carafas v. LaVallee, 391 U.S. 234, 237-

---

[2] The Supreme Court declined to extend the presumption of collateral consequences afforded criminal convictions to challenges to a completed sentence, including parole, supervised release, and probation, or a sentencing enhancement. In Spencer, the Court ruled that collateral consequences will not be presumed from a finding that an individual has violated parole, because there are not collateral consequences attending the revocation of parole sufficient to create a live controversy. Id. at 7. *See also* Lane, 455 U.S. at 631, 633 (holding that petitioners did not suffer collateral consequences as a result of their expired parole and therefore their habeas petition was moot).

38 (1968); *see also* United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002) ("[O]nce a litigant is unconditionally released from criminal confinement, the litigant must prove that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act."). Only if this showing is made does the petitioner avoid dismissal of his action as moot.

In this case, Petitioner challenges the *validity of his convictions* – not the sentences resulting from those convictions or the later revocation of his probation[3] – but his term of probation expired during the pendency of these habeas proceedings. Therefore, applying the standards above, there must be some "collateral consequences" attached to his misdemeanor convictions if he is to meet the "case-or-controversy" requirement to avoid mootness.

Courts have reached different conclusions regarding whether collateral consequences are presumed with respect to misdemeanor convictions. Some courts have held that a presumption of collateral consequences applies to misdemeanor convictions. *See* Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (recognizing irrefutable presumption that collateral consequences result from any criminal conviction, including a misdemeanor conviction); Oyler v. Allenbrand, 23 F.3d 292, 294 (10th Cir. 1994) (holding habeas appeal not moot because possible collateral consequences could flow from misdemeanor conviction); U.S. v. Maldonado, 735 F.2d 809, 912 (5th Cir. 1984) ("The government argues that Maldonado therefore is suffering no current or

---

Lower courts have concluded that the decision in Spencer is not limited to the context of parole revocations, but also applies to challenges involving supervised release and probation revocation. *See*, *e.g.*, U.S. v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008) (supervised release); U.S. v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008) (supervised release); U.S. v. Mazzillo, 373 F.3d 181, 182-83 (1st Cir. 2004) (supervise release); U.S. v. Meyers, 200 F.3d 715, 721 n.2 (10th Cir. 2000) (supervised release); U.S. v. Clark, 193 F.3d 845, 847-48 (5th Cir. 1999) (*per curiam*) (supervised release); U.S. v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999) (supervised release); U.S. v. Probber, 170 F.3d 345, 348-49 (2d Cir. 1999) (supervised release). *See also* Mattern v. Secretary for Dept. of Corrections, 494 F.3d 1282, 1285 (11th Cir. 2007) (probation revocation); U.S. v. Kissinger, 309 F.3d 179, 181-82 (3d Cir. 2002) (probation revocation); Stinson v. Sisto, 2010 WL 289007, at *1 (N.D. Cal. 2010) (probation revocation).

[3] When a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001).

ongoing prejudice as a result of his misdemeanor conviction and that any collateral consequences are speculative. We reject the claim of mootness."); U.S. ex rel. Grundset v. Franzen, 675 F.2d 870, 873 (7th Cir. 1982) (finding collateral consequences flowed from petitioner's misdemeanor conviction because it involved an act of dishonesty or a false statement, and, under Illinois law, to impeach a defendant with a prior conviction, that conviction must be either a misdemeanor involving dishonesty or false statements or a felony); Myrick v. DeMarco, 2010 WL 652980, at *2 (E.D.N.Y. 2010) ("As a general matter, whether misdemeanors impose collateral consequences, and thereby enable released offenders to maintain habeas petitions, is a case-by-case inquiry. Specifically, the Court must examine whether a state or professional body will permanently penalize the misdemeanant, such as precluding him from engaging in certain professions). But other courts have concluded, that, at least based on the facts before them, no collateral consequences flow from a misdemeanor conviction. *See* Wickstrom v. Schardt, 798 F.2d 268, 270 (7th Cir. 1986) (*per curiam*) (holding that no "collateral consequences" flowed from petitioner's misdemeanor conviction and, therefore, the petition was moot where the petitioner had completed serving his sentence); Broughton v. State of N.C., 717 F.2d 147 (4th Cir. 1983) (holding that misdemeanor violation creates no lingering consequences, making released petitioner's habeas petition moot); Wade v. Carsley, 433 F.2d 68, 69-70 (5th Cir.1970) (*per curiam*) (no collateral consequences flowing from misdemeanor conviction mooting the appeal); U.S. v. Hill, 171 F. Supp. 2d 1032, 1038 (D.S.D. Oct. 4, 2001) (dismissing defendant's petition as moot because his conviction for a misdemeanor offense did "not cause him the kinds of concrete disadvantages or disabilities that have been recognized as being sufficiently adverse collateral consequences to make his case justiciable, such as depriving him of the right to vote, hold office, serve on a jury or engage in certain businesses").

As previously stated, when Petitioner filed his habeas petition on April 25, 2012, he was still serving a term of probation for Fayette County cases 359 (criminal mischief), 361 (criminal mischief) and 477 (criminal mischief, harassment and disorderly conduct). However, he completed his probation term while his habeas petition was pending in this Court. Because Petitioner has served his complete term of probation, the Court must consider whether there are any collateral consequences that flow from Petitioner's misdemeanor convictions at the aforementioned cases that would prevent this case from becoming moot.

Based on the Court's research, the Third Circuit has never held that district courts within this circuit must presume collateral consequences from misdemeanor convictions, and, apart from the Ninth Circuit, it does not appear that any Circuit Court has held there to be an irrefutable presumption of such consequences from the mere fact of a misdemeanor conviction. Instead, courts seem to make such an inquiry on a case-by-case basis by examining the underlying misdemeanor conviction(s) that the petitioner challenges. Therefore, before this Court renders an Opinion on this matter, the parties shall brief this issue. **Specifically, Petitioner shall identify what, if any, collateral consequences he suffers from his misdemeanor convictions that he challenges. Additionally, Respondents must brief whether, under Pennsylvania law, the misdemeanor convictions of which Petitioner was convicted carry any collateral consequences, and, if so, identify those consequences.** Accordingly, this 4th day of November, 2014,

**IT IS HEREBY ORDERED** that the parties shall have until December 5, 2014, to submit their briefs, and Petitioner's failure to file a brief will result in the recommendation that this case be dismissed for failure to follow a court order.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: John Anthony Mongeluzzo
1306 Chestnut Street
Connellsville, PA 15425
*Via First Class Mail*

Counsel of Record
*Via CM/ECF Electronic Mail*