# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ANTHONY MONGELUZZO, | Civil Action No. 12 - 544 |
| Petitioner, | |
| v. | District Judge David S. Cercone |
| | Magistrate Judge Lisa Pupo Lenihan |
| JACK HENICKS, *District Attorney* *Fayette County, Pennsylvania* | |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed for Petitioner's failure to prosecute this action insofar as he has failed to submit his brief as ordered by this Court on December 5, 2014, and further failed to submit it after the Court granted him an extension to do so on December 8, 2014.

**II.  REPORT**

On April 25, 2012, Petitioner John Anthony Mongeluzzo petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Specifically, his petition challenged his judgments of sentence at CP-26-CR-356, 357, 358, 359, 360, 361 of 2003 out of the Court of Common Pleas of Fayette County. He was sentenced for his convictions on September 8, 2006, and finished serving the incarceration portion of his sentence on September 8, 2009. Just prior to completing his three year term of probation, however, he was convicted of a misdemeanor theft offense in Westmoreland County and was sentenced to one year of probation. As a result of that

1

conviction, Petitioner had a probation revocation hearing on March 28, 2012 for Fayette County cases 359, 361 and 477. The judge resentenced him to a new one-year term of probation to run concurrent with the term of probation he was serving in Westmoreland County.

Petitioner filed the instant petition for writ of habeas corpus on April 25, 2012, while he was still serving probation for Fayette County cases 359 (criminal mischief), 361 (criminal mischief) and 477 (criminal mischief, harassment, and disorderly conduct). However, at the time the petition was filed he had already completed serving his sentences for cases 356, 357, and 358, as he was not sentenced to probation for these convictions.

While his petition was pending, Petitioner completed his term of probation for Fayette County cases 359, 361, and 477; therefore, when his petition was reviewed, the question before the Court was whether there were any collateral consequences that flowed from Petitioner's misdemeanor convictions at the aforementioned cases that would prevent this case from becoming moot. The Court ordered Petitioner to "identify what, if any, collateral consequences he suffers from his misdemeanor conviction that he challenges." Additionally, Respondent was ordered to "brief, whether, under Pennsylvania law, the misdemeanor convictions of which Petitioner was convicted carry any collateral consequences, and, if so, identify those consequences." The parties were given until December 5, 2014 to submit their briefs, and Petitioner was warned that the failure to file a brief would result in the recommendation that this case be dismissed for failure to follow a court order.

Respondent submitted his brief on December 5, 2014, and while Petitioner requested and was granted an extension of time to submit his brief, he did not do so by the extended deadline of February 5, 2015. Moreover, as of the date of this Report and Recommendation, no brief has been filed.

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal

is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Petitioner is proceeding in this matter *pro se*. There is no indication that he failed to receive the Court's Order dated November 4, 2014 directing him to file his brief. Furthermore, he was even granted an extension of time to do so. The responsibility for his failure to comply with the Order is Petitioner's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Respondent has already spent a great deal of time reviewing Petitioner's habeas petition, filing an Answer to his petition, and filing a brief in compliance with this Court's November 4, 2014 Order. Accordingly, the undersigned finds that Respondent has suffered some prejudice caused by Petitioner's failure to file his brief.

3. A history of dilatoriness.

It does not appear that Petitioner has a history of dilatoriness other than the one instance at issue here. However, it has been over two months since Petitioner's brief was due. This is sufficient evidence, in the Court's view, to indicate that Petitioner does not intend to proceed with this case in a timely fashion.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Petitioner's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative sanctions.

Petitioner is proceeding *pro se* and it is likely that any sanction imposing costs or fees upon him would be ineffective.

      6. <u>Meritorious of the claim or defense.</u>

According to Respondent's timely filed brief in response to the Court's Order, it appears that the possible collateral consequences of the convictions at issue are now moot because Petitioner has a conviction for perjury, a felony of the third degree, and given this conviction, even if there were valid collateral consequences to Petitioner's misdemeanor convictions, there would be no effect as to any disabilities.

To summarize, the majority of the <u>Poulis</u> factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed.

## III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that this action be dismissed for Petitioner's failure to prosecute this action insofar as he has failed to submit his brief as ordered by this Court on December 5, 2014, and further failed to submit it after the Court granted him an extension to do so on December 8, 2014.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: April 15, 2015

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: John Anthony Mongeluzzo
P.O. Box 976
Connellsville, PA  15425

Counsel of Record