# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ANTHONY MONGELUZZO, | ) | |
| | ) | |
| Petitioner, | ) | 2:12cv544 |
| | ) | Electronic Mail |
| v. | ) | |
| | ) | Judge David Stewart Cercone |
| JACK HENICKS, *District Attorney*, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

On April 25, 2012, John Anthony Mongeluzzo ("Petitioner") petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) His petition indicates that he is challenging his judgments of sentence at CP-26-CR-356, 357, 358, 359, 360, 361 of 2003 out of the Court of Common Pleas of Fayette County. He was sentenced for his convictions on September 8, 2006, and finished serving the incarceration portion of his sentence on September 8, 2009. Just prior to completing his three year term of probation, however, he was convicted of a misdemeanor theft offense in Westmoreland County and was sentenced to one year of probation. As a result of that conviction, Petitioner had a probation revocation hearing on March 28, 2012 for Fayette County cases 359, 361 and 477. The judge resentenced him to a new one-year term of probation to run concurrent with the term of probation he was serving in Westmoreland County.

As previously stated, Petitioner filed his habeas petition with this Court on April 25, 2012, while he was still serving probation for Fayette County cases 359 (criminal mischief), 361 (criminal mischief) and 477 (criminal mischief, harassment, and disorderly conduct). However,

at the time the petition was filed he had already completed serving his sentence for cases 356, 357, and 358, as he was not sentenced to probation for these convictions.

On November 4, 2014, the magistrate judge entered a Memorandum Order finding that Petitioner had met the habeas jurisdictional requirement only with respect to his cases at 359, 361 and 477, because Petitioner was still on probation for these offenses at the time he filed his petition. (ECF No. 13.) Therefore, when his petition was reviewed, the question before the Court was whether there were any collateral consequences that flowed from his misdemeanor convictions at the aforementioned cases that would prevent this case from becoming moot. Petitioner was ordered to "identify what, if any, collateral consequences he suffers from his misdemeanor convictions that he challenges." Additionally, Respondent was ordered to "brief, whether, under Pennsylvania law, the misdemeanor convictions of which Petitioner was convicted carry any collateral consequences, and, if so, identify those consequences." The parties were given until December 5, 2014 to submit their briefs, and Petitioner was warned that the failure to file a brief would result in the recommendation that his case be dismissed for failure to follow a court order.

Respondent submitted his brief on December 5, 2015, (ECF No. 16), and while Petitioner requested and was granted an extension of time to submit his brief, (ECF No. 15), he did not do so by the extended deadline of February 5, 2015, and has not filed it as of this day.

On April 15, 2015, the magistrate judge entered a Report and Recommendation recommending that this action be dismissed for Petitioner's failure to prosecute insofar as he has failed to submit his brief. (ECF No. 17.) Petitioner was served with the Report and Recommendation at his address of record, and he was given until May 4, 2015 to file written objections. As of this day, no written objections have been filed.

2

Therefore, this **21** day of May, 2015, upon independent review of the record, and upon consideration of the magistrate judge's Report and Recommendation,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** for failure to prosecute.

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (ECF No. 17) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*[signature]*

David Stewart Cercone
United States District Judge

cc: John Anthony Mongeluzzo
P.O. Box 976
Connellsville, PA 15425
*(Via First Class Mail)*

Anthony S. Iannamorelli, Esquire
*(Via CM/ECF Electronic Mail)*